UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| MIKE SETTLE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| VS. | ) | No. 17-1238-JDT-jay |
| | ) | |
| MIKE PARRIS, | ) | |
| | ) | |
| Respondent. | ) | |

ORDER TO UPDATE THE DOCKET, DISMISSING § 2241 PETITION,
DENYING PENDING MOTION AS MOOT,
CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH
AND DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

Petitioner Mike Settle has filed a *pro se* habeas corpus petition (the "Petition"), pursuant to 28 U.S.C. § 2241, (ECF No. 1), as well as a motion to proceed *in forma pauperis*, (ECF No. 3). For the following reasons, the Petition will be dismissed and the motion denied as moot. The Clerk shall record the Respondent as Warden Mike Parris.[1]

**BACKGROUND**

On May 5, 2000, Settle pleaded guilty before the undersigned to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). *United States v. Settle*, No. 99-10073-JDT, ECF No. 31 (W.D. Tenn.). The Court determined he was subject to a mandatory minimum prison term of fifteen years under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e). *Id.*

---

[1] Petitioner is currently housed at the Morgan County Correctional Complex. Parris is the warden of that facility and is, thus, the proper Respondent in this case. *See Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004); Fed. R. Civ. P. 25(d).

(Presentence Report at 6, 19). On August 2, 2000, the Court imposed a 262-month term of imprisonment, to run consecutive to any previous state or federal sentence, and a three-year period of supervised release. *Id.* ECF No. 35.

Settle filed his first 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence on July 3, 2003. *Settle v. United States*, No. 03-1167-JDT-egb, ECF No. 1 (W.D. Tenn.). He asserted that "[h]is guilty plea was invalid because the Court did not inform him that he would not begin serving his federal sentence until he was received in federal custody; . . . [h]e received ineffective assistance of counsel which rendered his guilty plea invalid; and . . . [h]e was denied due process because the Court failed to inform him that his federal sentence would run consecutively to th[e] state sentence." *Id.* Order Denying § 2255 Motion, ECF No. 5 at PageID 2. Following a remand by the U.S. Court of Appeals for the Sixth Circuit, the undersigned dismissed the petition as untimely on June 18, 2007. *Id.* Order of Dismissal, ECF No. 25. The Sixth Circuit denied a certificate of appealability. *Settle v. United States*, No. 07-5844 (6th Cir. Feb. 1, 2008), *cert. denied*, 555 U.S. 611 (2008). Settle subsequently filed numerous applications with the Court of Appeals for permission to file a second or successive § 2255 petition, all of which were denied. *See Settle v. Phillips*, No. 15-1076-JDB-egb, 2016 WL 705225, at *3-4 (W.D. Tenn. Feb. 19, 2016) (detailing Petitioner's numerous collateral filings through 2015).

## DISCUSSION

On December 1, 2016, Settle filed the Petition in the U.S. District Court for the Eastern District of Tennessee, once again challenging the imposition of his federal conviction and sentence. The case was transferred to this district on December 21, 2017. (ECF No. 8.) In Claim 1, Petitioner contends that his guilty plea was involuntary because "the Government did not show that [he] actively employed the firearm during and in relation to the predicate crime." (ECF No.

2

1 at 3.)  Relying on *Bailey v. United States,* 516 U.S. 137 (1995), he argues that he did not "use" the firearm because "'use' does not include mere placement of a firearm inside a car."[2]  (*Id.* at 2-3.)  He maintains in Claim 2 that counsel was ineffective in failing to advise him, pursuant to *Bailey*, that the Government could not prove that he "used" the firearm.  (*Id.* at 5.)

As a general matter, a federal prisoner may challenge the "validity of [his] federal conviction or sentence" only by way of a motion under § 2255.  *Hill v. Masters*, 836 F.3d 591, 594 (6th Cir. 2016).  However, he may advance such a challenge under § 2241 if he establishes, pursuant to § 2255's "savings clause," that a remedy under § 2255 is "inadequate or ineffective to test the legality of his detention."  28 U.S.C. § 2255(e); *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999) (per curiam).  The petitioner bears the burden of proving the inadequacy or ineffectiveness of a remedy under § 2255.  *Charles*, 180 F.3d at 756.

"Significantly, the § 2255 remedy is not considered inadequate or ineffective simply because § 2255 relief has already been denied, or because the petitioner is procedurally barred from pursuing relief under § 2255, or because the petitioner has been denied permission to file a second or successive motion to vacate."  *Id.* (citations omitted).  Instead, a petitioner generally must assert his "actual[] innocen[ce]," which can be based on an intervening change of statutory interpretation.  *Hill*, 836 F.3d at 594 (quoting *Wooten v. Cauley*, 677 F.3d 303, 307 (6th Cir. 2012)).  "Where a petitioner asserts factual innocence of his crime of conviction due to a change of law, he may show that his remedy under § 2255 is inadequate or ineffective by satisfying four conditions: (1) 'the existence of a new interpretation of statutory law,' (2) 'issued after the petitioner had a

---

[2] "*Bailey* considered the 'use' prong of 18 U.S.C. § 924(c)(1), which imposes increased penalties on the use of a firearm in relation to certain crimes. The Court held as a matter of statutory interpretation that the 'use' prong punishes only 'active employment of the firearm' and not mere possession." *Welch v. United States*, 136 S. Ct. 1257, 1267 (2016) (quoting *Bailey*, 516 U.S. at 144).

3

meaningful time to incorporate the new interpretation into his direct appeals or subsequent motions,' (3) that is retroactive, and (4) applies to the petition's merits such that it is 'more likely than not that no reasonable juror would have convicted' the petitioner. *Hill*, 836 F.3d at 594-95 (quoting *Wooten*, 677 F.3d at 307–08).

Petitioner here does not rely on an intervening change in the law which would render him actually innocent of the crime of being a felon in possession of a firearm. Specifically, even if *Bailey* were relevant to Petitioner's 18 U.S.C. § 922(g) conviction, the case is not an intervening decision, as it was issued four years *before* Petitioner was indicted. That means, of course, that *Bailey*'s interpretation of the criminal statute "would have and should have been known to" Settle at the time he pleaded guilty and during the time for taking a direct appeal. *Solano-Moreta v. Rios*, No. CIV A 08-CV-18-KKC, 2008 WL 320335, at *5 (E.D. Ky. Feb. 4, 2008). And to the extent he complains that counsel failed to advise him of *Bailey*'s alleged relevance to his case, he could have raised *that* claim in his first § 2255 petition. He thus had prior reasonable opportunities to raise the claims he asserts in his Petition.

Accordingly, Petitioner cannot show that § 2255 is an inadequate or ineffective remedy that would justify his reliance on § 2241. *See Barnes v. Booker*, 116 F. App'x 560, 561 (6th Cir. 2004) (petitioner not entitled to bring a claim under *Bailey* in a § 2241 petition because he had a prior "opportunity to raise his claim"); *Solano-Moreta*, 2008 WL 320335, at *5 (§ 2241 was not appropriate vehicle for bringing a claim under *Bailey* where petitioner pleaded guilty two years after *Bailey* was decided); *Borngne v. DeWalt*, No. CIVA 06-CV-367 JMH, 2006 WL 3462942, at *3 (E.D. Ky. Nov. 29, 2006) (holding petitioner not entitled to invoke § 2241 where *Bailey* was decided seven years before he pleaded guilty). The Petition is therefore DISMISSED, and the pending motion to proceed *in forma pauperis* is DENIED as moot.

## APPEAL ISSUES

Federal prisoners who file petitions under 28 U.S.C. § 2241 challenging the imposition of their convictions or sentences need not obtain certificates of appealability under 28 U.S.C. § 2253(c)(1). *Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004).

Pursuant to Federal Rule of Appellate Procedure 24(a)(1), a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, the prisoner must file his motion to proceed *in forma pauperis* in the appellate court. Fed. R. App. P. 24(a)(4-(5). In this case, the Court CERTIFIES, pursuant to Rule 24(a), that any appeal in this matter would not be taken in good faith. Leave to appeal *in forma pauperis* is therefore DENIED.[3]

IT IS SO ORDERED.

                                                                           s/ **James D. Todd**
                                                                            JAMES D. TODD
                                                                            UNITED STATES DISTRICT JUDGE

---

[3] If Petitioner files a notice of appeal, he must either pay the full $505 appellate filing fee to this Court or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within thirty days.